IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **DONNIE D. WHITE,** | ) |
| Plaintiff, | ) ) ) |
| v. | ) Civil No. **09-293-DRH-CJP** ) |
| **GREGORY LAMBERT, et al.,** | ) ) |
| Defendants. | ) |

**ORDER**

**PROUD, Magistrate Judge:**

Before the Court is plaintiff's Motion to Stay Defendants' Summary Judgment Motions. **(Doc. 142)**.

Contrary to the title of the motion, the motion asks the Court to strike, not stay, defendants' motions for summary judgment, **Docs. 136** and **138**.  As grounds, plaintiff states that no attorney has filed an entry of appearance for the moving defendants, and that defendants have not filed an answer.  These grounds result from plaintiff's misunderstanding of the order on preliminary review, **Doc. 27**, in which the Court directed all defendants to file "an appropriate responsive pleading."  A motion for summary judgment *is* an appropriate responsive pleading.  Further, there simply is no requirement that an attorney file a separate entry of appearance; counsel's filing of a responsive pleading constitutes an entry of appearance.

Plaintiff also suggests that the motions are premature because he has not yet completed discovery or obtained affidavits from witnesses.  The motions raise failure to exhaust administrative remedies.  Pursuant to *Pavey v. Conley*, **544 F.3d 739 (7th Cir. 2008)**, the issue of exhaustion must be resolved before proceeding to discovery on the merits of the underlying claims.  The motions for summary judgment are not premature, and there is no reason to strike or

stay them.

For the foregoing reasons, plaintiff's Motion to Stay Defendants' Summary Judgment Motions **(Doc. 142)** is **DENIED**.

**IT IS SO ORDERED.**

**DATE:  June 18, 2010.**

<u>**s/ Clifford J. Proud**</u>
**CLIFFORD J. PROUD**
**U.S. MAGISTRATE JUDGE**