IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **DONNIE D. WHITE,** | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil No. **09-293-DRH-CJP** |
| | ) |
| **GREGORY LAMBERT, et al.,** | ) |
| | ) |
| Defendants. | ) |

## ORDER

**PROUD, Magistrate Judge:**

Before the Court is plaintiff's Motion to Intervene and/or Motion for Protective Order. **(Doc. 141)**.

Plaintiff claims that four staff members at Tamms Correctional Center have threatened that they will withhold his legal mail unless he dismisses his case as to certain of the defendants. The staff members who have allegedly made these threats are not defendants in this lawsuit. Plaintiff asks the Court to "intervene" and to "give directions." Presumably, he wants the Court to "give directions" to the Tamms staff members named in the motion.

The fact that plaintiff has a lawsuit pending does not mean that the Court assumes oversight of all aspects of his incarceration. "[F]ederal courts are most reluctant to interfere with the internal administration of state prisons because they are less qualified to do so than prison authorities." *Thomas v. Ramos*, 130 F.3d 754, 764 (7th Cir. 1997). This Court cannot wade in and "give directions" regarding the handling of plaintiff's mail.

If plaintiff believes that his constitutional rights have been violated by the events he alleges in his motion, he may make that claim in a new lawsuit, after properly exhausting

1

administrative remedies.

For the foregoing reasons, plaintiff's Motion to Intervene and/or Motion for Protective Order **(Doc. 141)** is **DENIED**.

**IT IS SO ORDERED.**

**DATE:  June 28, 2010.**

                                                                           **s/ Clifford J. Proud**
                                                                           **CLIFFORD J. PROUD**
                                                                           **U. S. MAGISTRATE JUDGE**