IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

DONNIE D. WHITE,

    **Plaintiff,**

v.

GREGORY LAMBERT, et al.,

    **Defendants.**                         Case No. 09-cv-293-DRH-CJP

## ORDER

**HERNDON, Chief Judge:**

    Before the Court is Plaintiff's Objection (Doc. 164) to two separate orders (Docs. 147 & 149), issued by United States Magistrate Judge Clifford J. Proud. Under the Court's **Local Rule 73.1(a)**, any party may appeal (or object to) orders issued by a Magistrate Judge pertaining to non-dispositive matters, under the authority provided by **28 U.S.C. § 636 (b)(1)(A)**. The party must appeal (or object) to a Magistrate Judge's order within fourteen days after its issuance. A District Judge may then reconsider the matter and set aside the order or a portion thereof "found to be clearly erroneous or contrary to law." **S.D. ILL. L.R. 73.1(a)**.

    First, the Court finds Plaintiff's objection to be timely filed in accordance with Local Rule 73.1(a), as both orders were issued on July 20, 2010 and Plaintiff's

objection indicates that it was mailed on June 26, 2010.[1]  Plaintiff first takes objection with the Magistrate's order, issued on June 20, 2010 (Doc. 147), denying his Motion for Appointment of Counsel (Doc. 23).  In addition, the order states that it also considered additional documents submitted by Plaintiff to support his request for counsel (*see* Docs. 72 & 128).  As Magistrate Judge Proud noted, a civil litigant has no constitutional or statutory right to appointment of counsel but the court may exercise its discretion to appoint counsel in certain cases (Doc. 147, p. 1).  He analyzed Plaintiff's motion to appoint counsel pursuant to the requirements set forth in **Pruitt v. Mote, 503 F.3d 647, 654 (7th Cir. 2007)**: "(1) has the indigent [movant] made reasonable efforts to retain counsel or been effectively precluded from making such efforts before requesting appointment" and "(2) given the difficulty of the case, [does the movant] appear to be competent to try it himself?"

Before reaching the second prong of the test in *Pruitt*, which requires analyzing the merits of a case, Magistrate Judge Proud found that Plaintiff had failed to meet the first prong.  Although Plaintiff had attached a number of letters he received from attorneys declining to represent him, the problem was that Plaintiff had not identified the matter for which he sought the representation.  Given that Plaintiff currently has another active, previously-filed lawsuit, and because some of

---

[1] Plaintiff is a *pro se* prisoner litigant and thus, the Court follows what is commonly referred to as the "mailbox rule," where the Court will deem the date that the document was placed in the mail system at his place of incarceration as the date of filing.  ***See Edwards v. United States*, 266 F.3d 756, 757-58 (7th Cir. 2001) (citing *Houston v. Lack*, 487 U.S. 266 (1988))**.

the letters pre-dated the events giving rise to the instant suit, Magistrate Judge Proud could not say for certain that Plaintiff had made a diligent attempt to find a lawyer to represent him in *this* case (Doc. 147, p. 2). The motion was not denied with prejudice, however. Plaintiff may still file a second motion in an attempt to comply with *Pruitt*. Yet, the Court does not find that Magistrate Judge Proud's denial was clearly erroneous or contrary to law. The fact that Plaintiff has had counsel appointed in another civil case of his does not mandate that he always be appointed counsel, especially where he has failed to meet the requirements under *Pruitt*.

Secondly, Plaintiff objects to an order issued on June 20, 2010 (Doc. 149), wherein Magistrate Judge Proud denied Plaintiff's Motion for Order of Subpoena on IDOC (Doc. 123), explaining that the Court does not prepare subpoenas for any party and that the U.S. Marshal does not serve subpoenas for the production of documents. Moreover, the order noted that merit-based discovery in the case has been stayed until the Court has issued a ruling on the issue of administrative exhaustion (raised in Defendants' motion for summary judgment). Plaintiff argues that in another civil rights case he has pending, *White v. Hinsley*, No. 05-cv-594-DGW (S.D. Ill. 2005) (Wilkerson, J.), Magistrate Judge Wilkerson ordered that "Plaintiff files a subpoenas for discovery on IDOC with the assistance of the U.S. Marshal service for his discovery" (Doc. 164, ¶ 7). First, the Court does not see such an order on the docket in *White v. Hinsley* as described by Plaintiff (nor does he cite its docket number). Second, in the instant case, Plaintiff has not been granted in

Page 3 of 4

forma pauperis ("IFP") status and was also taxed the costs of service.[2] So, Magistrate Judge Proud's reasons for denying Plaintiff's request – that preparation of subpoenas by the Court directing IDOC to produce requested documents is not proper nor will the U.S. Marshal serve discovery subpoenas – are further compounded by the fact that Plaintiff is not entitled to any further assistance by the U.S. Marshal.  Again, the Court finds that Magistrate Judge Proud's denial of his Motion for Order of Subpoena on IDOC (Doc. 123) was not clearly erroneous or contrary to law.

Accordingly, Plaintiff's Objection to Magistrate Proud's Two Orders (Doc. 164) is hereby **OVERRULED**.

**IT IS SO ORDERED**.

Signed this 4th day of August, 2010.

/s/    David R Herndon
**Chief Judge**
**United States District Court**

---

[2] Plaintiff was denied IFP status in this case (Doc. 148), the Court finding he is prohibited from proceeding IFP because he has amassed three or more "strikes" (*Id*., citing Doc. 5 from ***White v. Bartley*, No. 08-cv-623-GPM**).  Although the Court appointed the U.S. Marshal to effect service, Plaintiff was taxed the costs of service due to the fact that he can not proceed IFP (*Id*.).