IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **DONNIE D. WHITE,** | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil No. **09-293-DRH-CJP** |
| | ) |
| **GREGORY LAMBERT, et al.,** | ) |
| | ) |
| Defendants. | ) |

## ORDER

**PROUD, Magistrate Judge:**

Before the Court are is Plaintiff's Motion for Protective Order and/or to Intervene and Plaintiff's Motion for Court-Ordered Daily Legal Services. **(Docs. 163 & 168)**.

Both motions arise out of plaintiff's dissatisfaction with the paralegal services and library access furnished to him at Tamms Correctional Center. In **Doc. 163**, he complains that the paralegal staff has not given him legal papers which he has requested. He states that the paralegals have had his papers since June 16, 2010. The motion is dated June 23, 2010. However, a week is not an unreasonable amount of time to fulfill an inmates request for legal papers.

In **Doc. 168**, plaintiff complains that the paralegal staff will not give him "daily legal services" or access to his legal boxes. He also states that a paralegal denied his request for case law on the basis that he was unable to locate a case by the name cited by plaintiff.

This Court previously denied a similar motion. **See, Doc. 161.** The Court reiterates the fact that plaintiff has a lawsuit pending does not mean that the Court assumes oversight of all aspects of his incarceration. "[F]ederal courts are most reluctant to interfere with the internal administration of state prisons because they are less qualified to do so than prison authorities." *Thomas v. Ramos*, **130 F.3d 754, 764 (7th Cir. 1997).**

1

Inmate use of law library facilities requires the expenditure of staff time and other resources. As long as a constitutional level of access is afforded to plaintiff, prison authorities are entitled to make the necessary decisions about allocation of prison resources without interference by this Court. Further, the Court reminds plaintiff that the constitution does not afford an inmate a right to have daily legal services. See, e.g., ***Smith v. Shawnee Library System***, 60 F.3d 317, 323 (7th Cir.1995); ***Martin v. Davies***, 917 F.2d 336, 340 (7th Cir.1990).

Plaintiff's ability to respond to the pending motions for summary judgment has not been prejudiced. His response are not due until August 31, 2010. If he needs more time, he may ask for another extension. Further, the motions raise the relatively straightforward issue of failure to exhaust administrative remedies. Plaintiff should focus his efforts on addressing that issue.

If plaintiff believes that his constitutional rights have been violated by the events he alleges in his motions, he may make that claim in a new lawsuit, after properly exhausting administrative remedies.

For the foregoing reasons, plaintiff's Motion for Protective Order and/or to Intervene, and Plaintiff's Motion for Court-Ordered Daily Legal Services **(Docs. 163 & 168)** are **DENIED**.

**IT IS SO ORDERED.**

**DATE:  August 11, 2010.**

                                               **s/ Clifford J. Proud**
                                               **CLIFFORD J. PROUD**
                                               **U. S. MAGISTRATE JUDGE**