IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **DONNIE D. WHITE,** | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil No. **09-293 - DRH-CJP** |
| | ) |
| **GREGORY LAMBERT, et al.,** | ) |
| | ) |
| Defendants. | ) |

## REPORT and RECOMMENDATION

This Report and Recommendation is respectfully submitted to Chief Judge David R. Herndon pursuant to 28 U.S.C. §§636(b)(1)(B) and (C).

Plaintiff is an inmate in the custody of the IDOC. He brings suit pursuant to 42 U.S.C. §1983 for violation of his constitutional rights. All of plaintiff's claims are alleged to have occurred at Tamms Correctional Center. In the order on preliminary review, **Doc. 27**, the Court found that plaintiff had stated nine claims against a total of forty-one defendants.

Some of the defendants have filed motions for summary judgment raising failure to exhaust administrative remedies. Those motions are as follows:

- Motion for Summary Judgment filed by Michelle Baggot, Terry E. Caliper, Theresa Casteel, Robert Dubois, Gregory Gossett, Connie Houston, Janet McCoy, Toma K Osman. **(Doc. 136)**;

- Motion for Summary Judgment filed by Defendants John Sherrard, Robert Shane Boyd and Jeff Bundren **(Doc. 138)**.

The two motions are directed to Counts 3, 4, 5 and 7. In Count 3, plaintiff alleges that, on February 29, 2008, he was subjected to excessive force by defendant Powers in that Dr. Powers sutured a cut on his arm that did not need stitches, without first numbing the area. He also claims that defendants Boyd, Hunt, Bundren and Sherrard held him down while Powers sutured his arm. In Count 5, plaintiff alleges that Houston, McCoy, Osman, Casteel, Dubois, Gossett, Caliper, Sherrard, Baggot, Boyd, and Bundren were present but failed to intervene to

1

stop Dr. Powers.  In Count 4, plaintiff claims that defendants Dubois and Gossett failed to intervene to stop defendant Sherrard from assaulting him earlier that same day.  In Count 7, plaintiff alleges that defendants Gossett and Caliper have refused to move him off of the elevated security wing in retaliation for his filing of lawsuits.  The moving defendants argue that plaintiff failed to exhaust his administrative remedies as to these claims.

Plaintiff filed consolidated responses to the motions at **Docs. 199** and **200**.  He attached a number of exhibits to his responses.  Defendants contend that one of his exhibits, an amended grievance dated April 27, 2008, has been altered in that a date-stamp was taken from another document and affixed to it.  Defendants also contend that the signature of Toma Osman was forged on another exhibit.  Based on these contentions, defendants filed a Motion to Strike Portions of Plaintiff's Response to Defendants' Motions for Summary Judgment **(Doc. 209)**, and a Motion for Sanctions **(Doc. 214)**.

This Court held an evidentiary hearing pursuant to ***Pavey v. Conley*, 544 F.3d 739 (7th Cir. 2008)** on November 16, 2010.  The transcript of the hearing is filed at **Doc. 240.**

### Standard for Summary Judgment

Summary judgment is appropriate where the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law.  ***Estate of Suskovich v. Anthem Health Plans of Virginia, Inc.*, 553 F.3d 559, 563 (7th Cir. 2009),** *citing* **Fed. R. Civ. P. 56(c).** *Accord,* ***Breneisen v. Motorola, Inc.*, 512 F.3d 972 (7th Cir. Cir. 2008);** ***Levy v. Minnesota Life Ins. Co.*, 517 F.3d 519 (7th Cir. 2008).**

In ruling on a summary judgment motion, the Court construes all facts and reasonable inferences in the light most favorable to the non-moving party (here, Plaintiff).  ***Lloyd v. Swifty Transp., Inc.*, 552 F.3d 594, 600 (7th Cir. 2009).**

In response to summary judgment, the non-movant cannot rest on his pleadings. Rather,

the non-movant must provide evidence on which the jury or court could find in *his* favor. ***Maclin v. SBC Ameritech*, 520 F.3d 781, 786 (7th Cir. 2008).** As the Seventh Circuit recently explained:

> [T]he non-moving party must submit evidence that there is a genuine issue for trial. Fed. R. Civ. P. 56(e); *Ptasznik v. St.Joseph Hosp.*, 464 F.3d 691, 694 (7th Cir. 2006). The existence of merely a scintilla of evidence in support of the non-moving party's position is insufficient; there must be evidence on which the jury could reasonably find for the nonmoving party.

***Giant Screen Sports v. Canadian Imperial Bank of Commerce*, 553 F.3d 527, 531-32 (7th Cir. 2009).**

Stated another way, to counter a summary judgment motion, the nonmoving party may not simply reiterate the allegations contained in his pleadings; more substantial evidence must be presented.

A genuine issue of material fact is not shown by the mere existence of "some alleged factual dispute between the parties," ***Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247 (1986)**, or "some metaphysical doubt as to the material facts," ***Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986).** Rather, a genuine issue of material fact exists only if "a fair-minded jury could return a verdict for the [non-moving party] on the evidence presented." ***Anderson*, 477 U.S. at 252.**

Plaintiff is a *pro se* inmate, and his pleadings must be liberally construed. ***Duncan v. Duckworth*, 644 F.2d 653, 655 (7th Cir. 1981).**

### The Exhaustion Requirement

Plaintiff's claims are subject to the exhaustion requirement set forth in **42 U.S.C. § 1997e(a)** as follows:

> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

3

***Perez v. Wisconsin Department of Corrections*, 182 F.3d 532 (7th Cir. 1999)** explained that exhaustion of administrative remedies pursuant to 42 U.S.C. § 1997e(a), while not jurisdictional *per se*, is a "precondition" to suit, regardless of the apparent futility of pursuing an administrative remedy, regardless of whether money damages are sought as a tangential remedy, and regardless of notions of judicial economy. Exhaustion of administrative remedies is required *before* a case may be brought, even if exhaustion is accomplished during pendency of the case. ***See* 42 U.S.C. § 1997e(a); and *Perez*, 182 F.3d at 535-536.** The Supreme Court has held that the "exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." ***Porter v. Nussle*, 122 S.Ct. 983, 992 (2002)**.

Exhaustion must occur *before* suit is filed; plaintiff cannot file suit and then exhaust his administrative remedies while suit is pending. ***Ford v. Johnson*, 362 F.3d 395, 398 (7th Cir. 2004).** Exhaustion requires that a prisoner "properly take each step within the administrative process." ***Pozo v. McCaughtry*, 286 F.3d 1022, 1024 (7th Cir. 2002)**.

The IDOC grievance system is set forth in **20 Ill. Administrative Code §504.800 *et seq*.** In summary, these regulations provide that the inmate shall first attempt to resolve problems or complaints with his counselor. If the problem is not resolved, the inmate must first submit his grievance to a grievance officer, who is to make his report in writing to the Chief Administrative Officer (*i.e.*, the warden). Section 504.810 requires that the grievance be submitted "within 60 days after the discovery of the incident, occurrence, or problem that gives rise to the grievance." The warden notifies the inmate in writing of his decision. If the warden denies the grievance, the inmate has 30 days in which to file an appeal to the Administrative Review Board (ARB). Where, as in Illinois, the administrative system provides for an administrative appeal of the warden's decision, exhaustion requires that the prisoner file the appeal and give the appeal board an opportunity to decide the appeal. ***Pozo,* 286 F.3d at 1024.**

**Evidentiary Hearing**

In ***Pavey v. Conley*, 544 F.3d 739, 742 (7th Cir. 2008)**, the Seventh Circuit held that, where exhaustion is contested, the court must follow a three step process:

> (1) The district judge conducts a hearing on exhaustion and permits whatever discovery relating to exhaustion he deems appropriate. (2) If the judge determines that the prisoner did not exhaust his administrative remedies, the judge will then determine whether (a) the plaintiff has failed to exhaust his administrative remedies, and so he must go back and exhaust; (b) or, although he has no unexhausted administrative remedies, the failure to exhaust was innocent (as where prison officials prevent a prisoner from exhausting his remedies), and so he must be given another chance to exhaust (provided that there exist remedies that he will be permitted by the prison authorities to exhaust, so that he's not just being given a runaround); or (c) the failure to exhaust was the prisoner's fault, in which event the case is over. (3) If and when the judge determines that the prisoner has properly exhausted his administrative remedies, the case will proceed to pretrial discovery, and if necessary a trial, on the merits; and if there is a jury trial, the jury will make all necessary findings of fact without being bound by (or even informed of) any of the findings made by the district judge in determining that the prisoner had exhausted his administrative remedies

The Court first notes that it is evident that White did not exhaust administrative remedies as to the claims against Dubois and Gossett in Count 4, or as to the claims against Gossett and Caliper in Count 7.  The motions for summary judgment are supported by the affidavit of Sherry Benton, a Chairperson with the Office of Inmate Issues, along with copies of various grievances filed by plaintiff and responses thereto.  These exhibits establish that White filed a grievance regarding the assault by Sherrard, but that grievance did not name either Dubois or Gossett.  See, Benton affidavit, Doc. 136, Ex. 1, ¶10.  As to Count 7, while plaintiff did file some grievances about being held on the heightened security wing, he did not exhaust such a grievance as to either Gossett or Caliper.  See, Doc. 136, Ex. 1, ¶9.

The state may legitimately enact regulations which require "factual particularity" in a grievance.  ***Strong v. David*, 297 F.3d 646, 649-650 (7th Cir. 2002)**.  Illinois has done so.  20 IL ADC 504.810(b), amended effective May 1, 2003, requires that a grievance "shall contain factual details regarding each aspect of the offender's complaint, including what happened, when, where, and the name of each person who is the subject of or who is otherwise involved in

5

the complaint. This provision does not preclude an offender from filing a grievance when the names of individuals are not known, but the offender must include as much descriptive information about the individual as possible."

Plaintiff's responses to the motions do not address defendants' arguments as to Counts 4 and 7 except in passing. Plaintiff did not present any evidence to suggest that he exausted as to the moving defendants on these claims at the hearing.

The evidence at the hearing focused on the issue of whether plaintiff exhausted a grievance in which he complained that any of the moving defendants held him down while Dr. Powers sutured his arm, or were present but failed to intervene to stop Dr. Powers, as alleged in Counts 3 and 5. Defendants relied on Sherry Benton's affidavit, which establishes the following relevant facts:

1. Plaintiff filed and exhausted a grievance dated April 14, 2008, in which he stated that Powers sutured his arm without anesthesia. That grievance did not claim that anyone else helped Powers or held plaintiff down. A copy of that grievance is attached to Benton's affidavit.

2. Plaintiff filed a second grievance, dated November 14, 2009, in which he stated that Casteel, Caliper, Osman, Baggott, Hallam, Gossett, Houseon and McGoy were present when Powers sutured his arm. Because the grievance did not state the date on which these events occurred, the grievance was returned to White as incomplete. White did not resubmit it with additional information. The grievance was not exhausted. Benton affidavit, ¶8.b.

Thus, it is clear that plaintiff did not actually exhaust a grievance on this issue. Plaintiff does not claim that he actually exhausted such a grievance. Rather, he claims that he submitted an "amended grievance" dated April 27, 2008, in which he complained about staff members holding him down and failing to stop Dr. Powers. He claims that he submitted this grievance to

6

his counselor Toma Osman, and that she acknowledged receipt by writing her name and the date "5/5/8" on plaintiff's note requesting such acknowledgment. Plaintiff offered a copy of this note into evidence as Plaintiff's Ex. 3. A copy is attached hereto.

In his response to the motion, **Doc. 200**, White claims that Osman threw the grievance away. He claims that he then submitted another copy to grievance officer April Moore, and that this copy of the grievance was date-stamped "received" on May 7, 2008. White claims that this grievance was not processed, and that he should be deemed to have exhausted.

Defendants offered a copy of the grievance with the May 7, 2008, date stamp into evidence as Ex. A. A copy is attached hereto. Note that the grievance bears two purported date-stamps, one for May 7, 2008, and one for September 14, 2009.

Defendants' Exhibit B, attached hereto, is a copy of a grievance dated April 14, 2008, which bears a genuine May 7, 2008, date-stamp in the upper right corner. Defendants' Exhibit C is a magnified copy of May 7, 2008, date-stamp from the suspect grievance, Ex. A. Defendants' Ex. D is a magnified copy of the May 7, 2008, date-stamp from the April 14, 2008, grievance, Ex. B.

Defendants presented the testimony of Correctional Counselor April Moore. She testified that she was employed as a Correctional Counselor at Tamms in April and May of 2008. Ms. Moore testified that Ex. A was "clearly altered." She testified that the May 7, 2008, date-stamp is smaller than the September 14, 2009, date-stamp on the same document, and that the lines on the May 7, 2008, date-stamp do not match the lines of the grievance form. After examining defendants' exhibits, she testified that the May 7, 2008, date-stamp which appears on Ex. A was copied from Ex. B and affixed to Ex. A. See, transcript, pp. 8-14. She also testified that she has received other documents from plaintiff that have "contained tape or some other unallowed item." Transcript, p. 15.

On cross-examination, plaintiff asked Ms. Moore to examine his Ex. 3, the note on which

7

Toma Osman purportedly wrote her name to acknowledge receipt of his amended grievance. Ms. Moore testified that she is very familiar with Ms. Osman's signature, and that the purported signature on plaintiff's Ex. 3 is not Ms. Osman's handwriting and is "clearly forged." Transcript, pp. 29 - 30.

Plaintiff testified that Ex. A is genuine. He testified that his grievances are authentic. He denied that he had copied the May 7, 2008, date-stamp from another document, and testified that Tamms inmates are not allowed to possess paste or glue. On cross-examination, he admitted that he is allowed to possess envelopes which have adhesive on them. Transcript, pp. 35-40.

### Analysis

First, defendants established that plaintiff did not exhaust as to any of the moving defendants on the claims in Count 4 and Count 7. Therefore, the motions for summary judgment should be granted as to those claims.

As to the claims stated in Counts 3 and 5, plaintiff is trying to bring himself within the rule of **Dole v. Chandler, 438 F.3d 804 (7th Cir. 2006)**, which holds that an inmate will be deemed to have exhausted where he followed the correct procedures to submit his grievance, but the grievance was not exhausted due to the action or inaction of prison employees.

Failure to exhaust is an affirmative defense on which defendants have the burden of proof. **Westefer v. Snyder, 422 F.3d 570, 577 (7th Cir. 2005)**. "Because the prison employees bear the burden on exhaustion, they must do more than point to a lack of evidence in the record; rather they must "establish affirmatively" that the evidence is so one-sided that no reasonable factfinder could find that [plaintiff] was prevented from exhausting his administrative remedies." **Schaefer v. Bevy, 2009 WL 1931187, *3 (7th Cir. July 7, 2009)**.

This Court is convinced that defendants have definitely proved that plaintiff offered false documents and testimony in this case. An examination of defendants' Exs. A through D establishes without a doubt that the May 7, 2008, date-stamp was copied from Ex. B and placed

8

upon Ex. A.

In addition, a copy of the un-altered "amended grievance" dated April 27, 2008, is attached to Defendants' Motion to Strike, **Doc. 209.** That unaltered grievance bears one date-stamp, September 14, 2009, and was rejected as untimely. It is evident that plaintiff wrote additional sentences in the middle of the first page and at the end of the second page on the unaltered grievance in which he claimed that other staff members held him down and failed to stop Dr. Powers from suturing his arm. Those sentences do not appear in the grievance as it was received by the grievance officer on September 14, 2009, and as it is maintained in the IDOC's records. See, April Moore affidavit attached to **Doc. 209.**

Plaintiff's testimony was completely unconvincing. He stated that his grievance was genuine, but did not even attempt to explain why the grievance has two different date-stamps, why the May 7, 2008, stamp appears irregular, or why the version of the grievance with only the September 14, 2009, date-stamp has less writing on it than does the version that was supposedly received on May 7, 2008.

The Court also notes that plaintiff submitted copies of many grievances with his complaint and as supplements at **Docs. 5, 10,16 and 20**. He submitted a copy of the April 27, 2008, grievance with *only* the genuine date-stamp of September 14, 2009, at Doc. 16, p. 3. However, he did not submit a copy of the grievance upon which he now relies until after the motions for summary judgment were filed. In his amended complaint and supplemental amended complaint, he lists dates on which he filed grievances, but he does not list April 27, 2008. See, Doc. 21, p. 13, ¶104; Doc. 26, p. 12, ¶97. In short, the record affirmatively establishes that plaintiff knowingly submitted false evidence to this Court. Defendants are entitled to summary judgment.

## Defendants' Motion for Sanctions (Doc. 214)

Defendants Michelle Baggot, Robert Boyd, Jeffrey E Bundren, Terry E. Caliper, Clayton

C Carter, Theresa Casteel, Robin Dillon, Robert Dubois, Gregory Gossett, Eric Hallam, Connie Houston, Gregory Lambert, Janet McCoy, Robert Newell, Toma K Osman, Chad Parrish, Matthew Plummer, John Sherrard, Ruane Tanner (the defendants who are represented by the Illinois Attorney General) have moved for sanctions pursuant to Fed.R.Civ.P.11. **(Doc. 214).** Defendants properly complied with the safe harbor provision of Rule 11(c)(2). Plaintiff filed a response and an amended response to the motion at **Docs. 218** and **220.** In his responses, White first complains that defendants "conducted additional discovery" after the discovery deadline had passed. This is obviously incorrect. Defendants' investigation of the authenticity of plaintiff's grievance did not constitute discovery. He further complains that defendants rely on "a non-defendant April Moore affidavit like she is a standup professional correctional staff." Doc. 218, ¶5. However, plaintiff has presented nothing to suggest that Ms. Moore is anything other than a "standup professional." This Court found her testimony to be entirely credible and persuasive. Plaintiff then states that his "documents are authentic" and asks that his grievance be sent to the FBI crime lab for verification. Doc. 218, ¶¶ 6-8.

As is explained in detail above, based upon the exhibits submitted at the hearing, the testimony of April Moore, and plaintiff's own testimony, this Court is convinced that White altered his original grievance dated April 27, 2008, by copying or cutting a May 7, 2008, date-stamp from another document and affixing it to the April 27, 2008, grievance. In addition, he added language to the original grievance to make it appear that he had submitted a timely grievance naming Bundren, Boyn, Sherrard, Hunt and others when he really did not. He also forged Toma Osman's signature on a note to falsely indicate that she had acknowledged receipt of his grievance. Not only did White submit these false documents to the Court, he testified falsely under oath at the hearing on November 16, 2010, that these two documents were genuine.

Rule 11(c)(4) provides that sanctions may be monetary or non-monetary, and must be limited to "what suffices to deter repetition of the conduct or comparable conduct by others

10

similarly situated." The Seventh Circuit has approved of dismissing a case with prejudice where the plaintiff has submitted falsified doucments to the Court. ***Jiminez v. Madison Area Technical College*, 321 F.3d 652, 657 (7th Cir. 2003).**

The moving defendants have demonstrated that they are entititled to summary judgment. Therefore, simply granting the pending motions for summary judgment will not serve to penalize White for submitting false evidence. In this Court's opinion, an appropriate sanction would be to dismiss White's case as to *all* defendants, with prejudice. White's presentation of false documents and testimony is a subversion of the judicial process and a waste of this Court's limited resources. White has caused defendants, defense counsel and IDOC personnel to waste their time and resources responding to his false evidence. "One who misuses litigation to obtain money to which he is not entitled is hardly in a position to insist that the court now proceed to address his legitimate claims, if any there are." ***Ridge Chrysler Jeep v. DaimlerChrysler Financial Services*, 516 F.3d 623, 626 (7th Cir. 2008).**

### Recommendation

This Court recommends that the Motion for Summary Judgment filed by Michelle Baggot, Terry E. Caliper, Theresa Casteel, Robert Dubois, Gregory Gossett, Connie Houston, Janet McCoy, Toma K Osman. **(Doc. 136)** and the Motion for Summary Judgment filed by Defendants John Sherrard, Robert Shane Boyd and Jeff Bundren **(Doc. 138)** be **GRANTED.** This Court also recommends that the Motion to Strike Portions of Plaintiff's Response to Defendants' Motions for Summary Judgment **(Doc. 209)** be **GRANTED.**

This Court further recommends that defendants' Motion for Sanctions **(Doc. 214)** be **GRANTED**, and that *all* of plaintiff's claims against *all* defendants, including those who have not yet been served or answered, be dismissed *with* prejudice as a sanction for his willful presentation of false documents and testimony to this Court. All other pending motions, including plaintiff's Motion for Temporary Restraining Order and Preliminary Injunction **(Doc.**

11


**74)** should be **DENIED as moot**.

    Objections to this Report and Recommendation must be filed on or before **December 13, 2010.**

    **Submitted: November 24, 2010.**

    s/ Clifford J. Proud
**CLIFFORD J. PROUD**
**UNITED STATES MAGISTRATE JUDGE**

**74)** should be **DENIED as moot**.

    Objections to this Report and Recommendation must be filed on or before **December 13, 2010.**

    **Submitted: November 24, 2010.**

    s/ Clifford J. Proud
**CLIFFORD J. PROUD**
**UNITED STATES MAGISTRATE JUDGE**